| STATE OF NORTH CAROLINA | File No. 20 CVS 7997 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Joshua Brown | |
| Address | **CIVIL SUMMONS** |
| ATTN: MCADOO LAW FIRM, PLLC<br>PO BOX 30621 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| CHARLOTTE, NC 28230 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| WHOLE FOODS MARKET, INC.<br>ATTN: C T CORPORATION SYSTEM<br>160 MINE LAKE COURT<br>SUITE 200<br>RALEIGH, NORTH CAROLINA 27615 | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Ryon Smalls<br>ATTN: MCADOO LAW FIRM, PLLC<br>PO BOX 30621<br>CHARLOTTE, NC 28230 | 6-15-20 | 11:45 ☒ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

**EXHIBIT A**

| | | | | RETURN OF SERVICE | | |
|---|---|---|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant<br>Whole Foods Market, Inc. |
|---|---|---|---|

- ☐ By delivering to the defendant named above a copy of the summons and complaint.
- ☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.
- ☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

- ☐ Other manner of service *(specify)*

- ☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

- ☐ By delivering to the defendant named above a copy of the summons and complaint.
- ☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.
- ☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

- ☐ Other manner of service *(specify)*

- ☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF MECKLENBURG | IN THE GENERAL COURT OF<br>JUSTICE SUPERIOR COURT<br>DIVISION<br>File No. |
| JOSHUA BROWN )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>WHOLE FOODS MARKET, INC., )<br>d/b/a WHOLE FOODS )<br>AT SHARON SQUARE, and )<br> )<br>    Defendants. ) | VERIFIED COMPLAINT |

COMES NOW, Plaintiff, JOSHUA BROWN, by and through counsel, RYON SMALLS, for his complaint against the Defendant, WHOLE FOODS MARKET, INC., states, alleges, and complains as follows:

## THE PARTIES

1. The Plaintiff, Joshua Brown, is a resident of Charlotte, Mecklenburg County, North Carolina. Mr. Brown is an African American male that was shopping at the Defendant's Sharon Road location in Charlotte, North Carolina, when he was deliberately targeted on the basis of race by the store's manager with the purpose of having the Plaintiff falsely arrested.

2. The Defendant, Whole Foods Market, Inc. (hereinafter "Whole Foods"), is an American multinational supermarket chain, its headquarters is in Austin, Texas, and it currently operates (15) stores in the state of North Carolina. The Whole Foods Market at Sharon Square in Charlotte, North Carolina is owned and operated by Whole Foods Market, Inc.

At all times material hereto, the Defendant was carrying on in its ordinary course of business of providing groceries and cooked food for in-store consumption.

3. On information and belief, the Defendant is and was at all times relevant to the allegations herein, Whole Foods is licensed to conduct business in Charlotte, North Carolina.

4. The Defendant was in the business of owning, operating, managing, and maintaining staff members that provide assistance in providing food retail support and services to customers.

5. Upon information and belief, the registered agent for Whole Foods Market Group, Inc., is CT Corporation System.

## JURISDICTION AND VENUE

6. This court is vested with jurisdiction over the Defendant because, at all times material hereto, it was a corporation doing business and maintaining a place of business in the State of North Carolina.

7. This court is vested with original jurisdiction because the damages sought by the Plaintiff are in excess of Twenty-Five Thousand Dollars ($25,000.00 USD).

8. This court has subject matter jurisdiction over this matter pursuant N.C. Gen. Stat. § 7A-240.

9. The venue is proper in Mecklenburg County, pursuant to N.C. Gen. Stat. § 1-79, N.C. and N.C. Gen. Stat. § 1-82, because the cause of action arose in this county, and because at all times material hereto, the Plaintiff was a resident and Defendant operated three (3) of fifteen (15) supermarkets in Mecklenburg County.

## AGENTS AND VICARIOUS LIABILITY

10. On information and belief, at all times relevant to this action, The Defendant, both individual and corporate, acted in the course scope of an agency/employment relationship with one or more of the other defendants, and each is vicariously liable for those other defendants' actions and the claims arising therefrom as alleged herein.

11. Plaintiff alleges that on all of the occasions complained of herein, Mr. Brown was a customer in the Defendant's supermarket and the injuries complained of herein were proximately caused by the acts and omissions of the Defendant named herein.

12. The Defendant had vicarious liability for the acts and omissions of all persons or entities under their control, either directly or indirectly, including its employees, agents, consultants, and independent contractors, where in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Mr. Brown.

13. The Defendant is directly liable for the acts and/or omissions contained herein due to the direct control, ownership, and/or management of the operations of Whole Foods Market, Inc., at Sharon Square. This exertion of control, ownership, and/or management by the Defendant created a dangerous environment for Mr. Brown.

14. At all times material hereto, Defendant's representatives and staff acted as agents and/or employees of Defendant within the course and scope of their agency and/or employment. Consequently, Defendant is vicariously liable to Plaintiff for the acts and omissions of their agents/employees under the doctrine of *respondent superior*.

## STATEMENT OF FACTS

15. On or about June 14, 2017, Mr. Brown visited the Whole Foods at Sharon Square, in Charlotte, North Carolina.

16. Upon entering the supermarket, Mr. Brown proceeded to the fresh fish market area and received Maui-Maui fish.

17. He then went to the ready to eat hot food section and decided that he would like to eat a slice of pizza in the designated dining area for in-store shoppers.

18. The practice for this location for all customers ordering food from the bar area to dine is that the customer orders their food, take their order to the dine in area to eat and after, take their receipt to the counter to pay for their order.

19. On this day, other customers followed these steps prior to Mr. Brown's order of food from the hot bar.

20. Mr. Brown approached the hot bar where the pizza was served to the in-store shoppers and diners, and ordered and received a slice of pizza.

21.

22. Mr. Brown then proceeded to the in-store dining area, that is closely affixed to the hot bar area, and sat down to begin eating his food, as other customers of the grocery store were partaking in a similar dining experience.

23. Mr. Brown, in good faith and with the anticipation of receiving fair and equal treatment, believed he could enjoy the same dining experience as other non-black customers in the store were doing at that immediate moment.

## VIOLATING 42 U.S.C.A. § 1981 OF THE CIVIL RIGHTS ACT OF 1866:

**Mr. Brown as a consumer is thereby entering into a contractual relationship with Whole Foods, and therefore deserves to be receive the enjoyment of all benefits, privileges, terms, and conditions that white customers enjoy while shopping at Whole Foods.**

24. All allegations in paragraphs (1) through (21) are realleged here within.

25. Mr. Brown was approached by the manager of the store, Tim Burroughs, and was asked to pay for his pizza before eating it in the in-store dining area.

26. Mr. Burrough did not approach any of the white customers in the dining area that also was eating the food they ordered prior to the purchase, as custom for this location.

27. Mr. Brown declined the manager's request and stated he would pay for the pizza with the Maui Maui fish, after he finished eating, and before exiting the store.

28. Mr. Burrough only approached Mr. Brown with the specific intent to profile a non white customer that he knew was not violating any laws.

29. Upon information and belief, Mr. Burrough called 911 falsely accusing Mr. Brown of acting suspicious and attempting to steal food from the store.

30. Mr. Burrough did not approach nor did he call 911 on any of the white customers that were eating the food they ordered prior to the purchase, as custom for this location.

31. Upon information and belief, two (2) Charlotte-Mecklenburg Police Department (hereinafter "CMPD") officers arrived at the Sharon Square Whole Foods and approached Mr. Brown in relation to the 911 phone call that had been placed by Mr. Burrough.

32. During the initial seconds of Mr. Brown coming into contact with the CMPD officers, he was informed that he was not breaking, and/or violating, any laws.

33. At this time, Mr. Brown began video recording the interaction with the two (2) CMPD officers.

34. One of the CMPD officers, in a provoking manner demanded Mr. Brown to pay for the pizza prior to finishing his meal. Mr. Brown explained to the officers that he was not stealing and that the practice that he and others in the dining area was that he was eating the food he ordered prior to the purchase, as custom for this location and that he would pay immediately after he finished.

35. The CMPD officers inform Mr. Brown that if he leaves without paying he will be arrested for stealing.

36. In the final seconds of the video recording, Mr. Brown acknowledges that he understands that he will be arrested in the event that he leaves the supermarket without paying.

37. Mr. Brown subsequently left the in-store dining area, tendered payment for the Maui Maui fish and the slice of pizza he consumed in the dining area.

38. Unlike other white customers, Defendant violated 42 U.S.C.A. § 1981 OF THE CIVIL RIGHTS ACT OF 1866, by denying Mr. Brown the enjoyment of all benefits, privileges, terms, and conditions that white customers enjoy while shopping at Whole Foods.

39. Due to the irrational and discriminatory actions of the Defendant Mr. Brown has suffered emotional and psychological harm.

40. Mr. Brown's clinical assessments have revealed his worsening conditions of post-traumatic stress syndrome related to all incidents mentioned in the paragraphs above.

**CLAIM OF RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

41. All allegations in paragraphs (1) through (41) are realleged here within.

42. Mr. Burrough's actions of targeting and racially profiling Mr. Brown as he was shopper and consumer, in conducting himself as a normal patron at the Sharon Square location, was intentional and reckless.

43. The Defendant's conduct of targeting and racial profiling compounded with calling CMPD to assist in intimidating and provoking an unwarranted interaction is extreme and outrageous.

44. As the direct and proximate result of the Defendant's extreme and outrageous conduct, Mr. Brown has suffered mental anguish, sever emotional distress, and post-traumatic stress.

45. Mr. Burrough engaged in extreme and outrageous conduct.

46. Mr. Burrough's conduct was intended to cause severe emotional distress to the Plaintiff.

47. Mr. Burrough's conduct in fact caused severe emotional distress in that Mr. Brown has suffered mental anguish, sever emotional distress, and post-traumatic stress.

48. Plaintiff is therefore entitled to punitive damages in an amount sufficient to deter the Defendant and other similar situated from engaging in such outrageous behavior, an amount that is in excess of $25,000.

## CLAIM OF RELIEF: PUNITIVE DAMAGES

49. All allegations in paragraphs (1) through (4) are realleged here within.

50. The claim is asserted against the Defendant.

51. The acts and omissions of the Defendant as alleged previously herein were reckless and/wanton; and were performed in conscious disregard of and indifference to the rights

of Mr. Brown. The Defendant knew or should have known that the above acts or failures to act were reasonably likely to result in physical harm by CMPD and/or would cause mental anguish or suffering.

52. The lack of civil discourse and racial profiling conducted by the Defendant as previously alleged, is alleged to be direct and indirect for purposes of supporting punitive damages, and all allegations herein are alleged to so support this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

53. That the Court award Plaintiff all compensatory damages alleged in an amount exceeding $25,000.00;

54. That the Court award Plaintiff punitive damages alleged in an amount exceeding $25,000.00;

55. That the Court award Plaintiff the costs of this action;

56. That the Court award Plaintiff reasonable attorney fees as allowed by law;

57. That all issues so triable be tried by a jury; and

58. For such other and further legal or equitable relief that this Court deems just and proper under the circumstances

|  |  |  |  |
|---|---|---|---|

This the __12th__ day of June 2020

MCADOO & LORICK, PLLC

*[signature]*

Ryon D. Smalls, Bar No.: 55639
McAdoo & Lorick, PLLC
122 N. Caldwell Street
Charlotte, NC 28202
Telephone: (704) 945-8646
ryon@mcadoolorick.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned this day has served the foregoing **Verified Complaint** upon all parties of record by duplicate copy thereof being placed in the United States Mail, postage prepaid, addressed as follows:

Whole Foods Market, Inc.
ATTN: CT Corporation System
160 Mine Lake Court
Suite 200
Raleigh, North Carolina 27615

MCADOO & LORICK, PLLC

Ryon D. Smalls, Bar No.: 55639
McAdoo & Lorick, PLLC
122 N. Caldwell Street
Charlotte, NC 28202
Telephone: (704) 945-8646
ryon@mcadoolorick.com

## VERIFICATION OF COMPLAINT

State of _____North Carolina_____

County of _____Mecklenburg_____, to wit:

_____Joshua Brown_____, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true, under penalty of perjury ("under the laws of the State of North Carolina,") that the foregoing is true and correct.

_____*Joshua Brown*_____
Complainant (signature)