UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00401-MOC-DCK

| | |
|---|---|
| **JOSHUA BROWN,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     ORDER<br>) |
| **WHOLE FOODS MARKET GROUP, INC.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for a New Trial, pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. 71). For the following reasons, the motion will be denied.

### I.    BACKGROUND

In the underlying lawsuit, Plaintiff alleged he was intentionally discriminated against based on his race, under 42 U.S.C. § 1981, when a manager at a Whole Foods Market ("WFM") in Charlotte, North Carolina, called the police on him on June 14, 2017. The matter went to trial, and a jury entered its verdict on April 21, 2022. (Doc. No. 61).

The jury determined that Plaintiff proved by a preponderance of the evidence that he met WFM's ordinary requirements to pay for and receive goods or services and that he was denied the opportunity to contract for goods or services that were otherwise afforded to similarly situated white customers. However, the jury determined Plaintiff did not meet his burden in proving race was the but-for reason for the denial of the opportunity to contract for goods or services. Plaintiff has now filed the pending motion for new trial, in which he contends the jury could not have concluded that Plaintiff was treated differently than white customers without also

1

concluding that his race was the but-for reason for it. (Doc. No. 71). Plaintiff therefore argues the verdict is inconsistent and a new trial is warranted. Defendant has responded in opposition to the motion, and the matter is ripe for disposition. (Doc. No. 76).

## II. STANDARD OF REVIEW

A new trial will be granted under Rule 59 if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996). Plaintiff bears the burden of showing that a new trial is necessary to avoid a miscarriage of justice. Tidewater Fin. Co. v. Fiserv Sols., Inc., 192 F.R.D. 516, 522 (E.D. Va. 2000). Specifically, Plaintiff must show there is no reasonable way to harmonize the jury's answers on the verdict sheet. See, e.g., Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 599 (4th Cir. 1996) (explaining that courts must "harmonize seemingly inconsistent verdicts if there is any reasonable way to do so"); Transdulles Ctr., Inc. v. USX Corp., 976 F.2d 219, 227 (4th Cir. 2022) ("[A] jury verdict may be set aside and the case remanded for a new trial when it is not possible to reconcile the findings.").

## III. DISCUSSION

Here, as noted, the jury found that Plaintiff did not prove racial discrimination under Section 1981. To make a prima facie case, a Section 1981 plaintiff must prove:

> he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers.

Lloyd v. Waffle House, Inc., 347 F. Supp. 2d 249, 253 (W.D.N.C. 2004). If a plaintiff cannot

2

meet the threshold elements above, the jury's analysis is complete, and the plaintiff's claim must fail. If, however, a plaintiff successfully makes a prima facie showing, a presumption of discrimination arises, which the defendant can rebut by showing "a legitimate, nondiscriminatory reason for the disparate treatment." Id.

If the defendant sets forth a non-discriminatory reason for the disparate treatment, the plaintiff then must convince the jury that the defendant's "proffered reason is not worthy of credence" and is "pretext for discrimination." Id. The plaintiff's "ultimate burden" is to "persuad[e] the trier of fact that the defendant intentionally discriminated against the plaintiff." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Thus, a plaintiff must show discrimination was the "but-for" cause of the treatment. Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 140 S. Ct. 1009, 1015 (2020).

If the jury determines the plaintiff did not meet his ultimate burden, the jury must find for the defendant. Importantly, the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races." Edwards v. Waffle House, Inc., No. 4:03-CV-137, 2006 WL 8438427, at *8 (E.D.N.C. Mar. 27, 2006) (citing Hawkins v. PepsiCo, Inc., 203 F.3d 274, 282 (4th Cir. 2000)). That a plaintiff is black and was treated differently than a white customer is not enough to sustain a Section 1981 claim.

Here, the verdict sheet contained three issues and read as follows:

1. Has the Plaintiff proven by a preponderance of the evidence that he met the Defendant's ordinary requirements to pay for and receive goods or services?

   YES ___        NO ___

   **If you answered Issue No. 1 "No," then your deliberations are over. If you answered Issue No. 1 "Yes," then proceed to Issue No. 2.**

3

2. Has the Plaintiff proven by the preponderance of the evidence that he was denied the opportunity to contract for goods or services that were otherwise afforded to similarly situated white customers?

   YES ___        NO ___

   **If you answered Issue No. 2 "No," then your deliberations are over. If you answered Issue No. 2 "Yes," then proceed to Issue No. 3.**

3. Has the Plaintiff proven by a preponderance of the evidence that his race was the but for reason for the denial of the opportunity to contract for goods or services?

   YES ___        NO ___

   **If you answered Issue No. 3 "No," then your deliberations are over. If you answered Issue No. 3 "Yes," then proceed to Issue No. 4.**

The jury checked "yes" for Issues No. 1 and No. 2, but it checked "no" for Issue No. 3. Thus, by responding "no" to Issue No. 2, the jury found that Plaintiff did not prove race discrimination.

Plaintiff cites Comcast Corp. for the proposition that Issue Nos. 2 and 3 on the verdict form are irreconcilable. However, as Defendant notes, Comcast Corp. holds that a plaintiff must prove "but for" causation in a Section 1981 case. The Supreme Court explained that to prevail on a Section 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." 140 S. Ct. at 1019 (emphasis added). The McDonnell-Douglas framework does not alter a plaintiff's burden of persuasion or change this causation standard. Id. Furthermore, nothing in Comcast Corp. redefines what elements Plaintiff must prove to make a prima facie showing before the McDonnell-Douglas framework applies. Id.

Here, the verdict form follows the structure of the required analysis in a Section 1981

4

claim. For Plaintiff to prevail, the jury was first required to find for Plaintiff on the preliminary elements of a prima facie case. The jury then had to analyze whether Plaintiff's race was the but-for reason of his treatment by WFM. That is, to prevail at trial on his racial discrimination claim, Plaintiff had to prove by a preponderance of the evidence that he was discriminated against because of his race. Comcast Corp., 140 S. Ct. at 1019.

The parties stipulated that Plaintiff was a member of a protected class and sought to enter into a contractual relationship with WFM. (Doc. No. 44). Therefore, the only elements of the prima facie case that Plaintiff needed to prove by a preponderance of the evidence were that Plaintiff (a) met WFM's ordinary requirements to pay for and to receive goods or services ordinarily provided by WFM to other similarly situated customers, and (b) was denied the opportunity to contract for goods or services that was otherwise afforded to white customers. The verdict form set out each of these prima facie elements with the precise language set forth in case law. If the jury determined Plaintiff did not meet his prima facie case, it would have been unnecessary for them to consider whether race was the but-for cause of the way Plaintiff was treated.

Since the jurors determined that Plaintiff established a prima facie case, the claim survived for the jurors to determine if Plaintiff met his ultimate burden of establishing that WFM intentionally discriminated against Plaintiff. The jury instructions detailed how this analysis included whether WFM articulated a legitimate reason for disparate treatment or if WFM's reason was pretext for intentional racial discrimination, and the ultimate question presented by the verdict sheet was whether Plaintiff met his burden in proving that his race was the "but for" reason for his injury. Comcast Corp., 140 S. Ct. at 1014 (2020).

To assert that Issues 2 and 3 on the jury verdict are irreconcilable overlooks the purpose

5

of a Section 1981 claim, the well-established case law, and the arguments Plaintiff has relied on this entire case.[1] For a racial discrimination claim to exist at all, there is a threshold requirement that someone in a protected class be treated differently than someone else who is similarly situated and not of that protected class. Only if that treatment exists does a trier of fact decide if that disparate treatment occurred because of the plaintiff's race. As Plaintiff has briefed and argued, the burden-shifting framework will not even come into play unless the prima facie case elements are met.

Here, the jury had to determine if Plaintiff was treated differently than white customers because of his race or some other reason, and the verdict reflects the jury determined it was some other reason. Plaintiff cannot establish there is no reasonable way to harmonize the jury's answers on the verdict form because the verdict form is written in accordance with well-established law.

Moreover, there is no indication the jury was confused or misapplied the law or evidence in rendering its verdict. The jury instructions were clear, unchallenged, and followed by the jurors. Moreover, in considering Plaintiff's inconsistency argument, the verdict sheet must be read in conjunction with the jury instructions as a whole. See, e.g., McFeeley v. Jackson St. Entm't, LLC, CIV.A. DKC 12-1019, 2015 WL 2100920, at **5–6 (D. Md. May 5, 2015) (rejecting argument that verdict sheet failed to adequately address legal burdens and denying

---

[1] The jury rendered a virtually identical verdict in Lloyd v. Waffle House, 347 F. Supp. 2d 249 (W.D.N.C. 2004). See Verdict Sheet (Doc. 67), Lloyd v. Waffle House, Inc., No. 1:03-cv-237-LHT (W.D.N.C. filed Jan. 11, 2005) (finding that the plaintiffs met their burden in proving they were denied the same opportunities as similarly situated white customers, but not in proving that race was a motivating factor). As Defendant notes, Plaintiff has relied on Lloyd v. Waffle House extensively to describe the law governing his Section 1981 claim. See, e.g., Pl.'s Br. Opp. Summ. Judgment (Doc. No. 37) at 8–19 (citing Lloyd decision seven different times); Joint Proposed Jury Instructions (Doc. No. 52) at 34–37 (citing Lloyd decision twenty-two different times).

6

new trial after considering jury instructions and verdict sheet "in their entirety"), aff'd, 825 F.3d 235 (4th Cir. 2016); Jones v. Southpeak Interactive Corp. of Del., 777 F.3d 658, 675 (4th Cir. 2015) (affirming denial of motion for new trial and noting that the verdict "did not conflict with the jury instructions"). "A jury is presumed to follow the instructions of the court." Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004). "[A]bsent some specific 'reason to doubt that the jury . . . adhered to the district court's directive,'" the Court must assume the jury followed the instructions. United States v. Runyon, 707 F.3d 475, 497 (4th Cir. 2013) (quoting United States v. Castillo-Pena, 674 F.3d 318, 322 (4th Cir. 2012)).

Here, Plaintiff's motion does not challenge any aspect of the jury instructions. Plaintiff cannot complain the jury was confused about how to apply the law when he has not challenged the instructions the jury received.[2] Moreover, those instructions provided the jury with clear guidance on the elements of Plaintiff's claim and the applicable burdens of proof, including the McDonnell-Douglas framework. Indeed, the jointly proposed jury instructions—and the final instructions—explained each step of the framework and correctly informed the jury that the ultimate burden of showing intentional discrimination at all times remained with Plaintiff. See (Doc. No. 52 at 37); see also Burdine, 450 U.S. at 253 (explaining that although the respective evidentiary burdens shift back and forth under the framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff"). As the verdict form accurately reflects, the law required Plaintiff to show "that race was a but-for cause of [his] injury." Comcast Corp., 140 S. Ct. at 1014. That causation requirement is set forth in Issue No. 3. See (Doc. No. 61). In sum, the jury

---

[2] Similarly, while Plaintiff may have objected to the verdict sheet during the charge conference, Doc. No. 72 at 2, there was no objection to any alleged inconsistency when the verdict was announced.

7

received accurate—and unchallenged—instructions on the law, including the McDonnell-Douglas framework, and rendered a verdict consistent with that law.

Finally, the verdict is wholly consistent with the evidence. Plaintiff testified that he was the only black customer in the WFM seating area on June 14, 2017, and he was the only customer approached by police that day. The jury concluded that WFM treated Plaintiff differently than similarly situated white customers that day and noted this conclusion on the verdict sheet accordingly. However, Mr. Burroughs testified at trial that he would have done the same thing regardless of Plaintiff's race, and Mr. Burroughs testified extensively about how Plaintiff's actions led to his decision to approach Plaintiff and ultimately contact law enforcement. There was also testimony that employees were trained to call the police on customers in certain circumstances. The jury concluded based on the testimony and evidence that, although Plaintiff may have been treated differently than white customers, this was not because of his race. The verdict reflects this conclusion, and there is no indication the evidence was misconstrued in conjunction with the jury instructions.

### III. CONCLUSION

In sum, for the reasons stated herein, Plaintiff's motion for a new trial will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for a New Trial, (Doc. No. 71), is **DENIED**.

Signed: July 13, 2022

Max O. Cogburn Jr
United States District Judge

8

Case 3:20-cv-00401-MOC-DCK   Document 77   Filed 07/14/22   Page 8 of 8